[744 NYS2d 489]

In the Matter of Susan G. Jamiolkowski, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, July 1, 2002

**APPEARANCES OF COUNSEL**

*Robert P. Guido*, Syosset, for petitioner.
*Peter Panaro,* Massapequa, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The respondent was charged in superior court information

number 1228N-O with a violation of Vehicle and Traffic Law § 1192 (2), operating a motor vehicle under the influence of alcohol as a felony, a class E felony (see Vehicle and Traffic Law § 1193 [1] [c] [i]). On June 2, 2000, the respondent entered a plea of guilty to the charge in the County Court, Nassau County. She was sentenced on August 10, 2000 by the Honorable Abbey Boklan to a term of five years probation and participation in the Recidivist Alcohol Probationer Program. A fine of $1,000 was imposed, along with a $150 mandatory surcharge, and a $5 crime victims assistance fee. The respondent paid all monies in full at sentencing. In addition, her driver's license was revoked.

On April 5, 2001, the Honorable Daniel R. Palmieri executed a violation of probation bench warrant and the respondent was remanded. On July 2, 2001, the respondent was found guilty of a violation of probation before the Honorable Abbey Boklan. On July 19, 2001, the respondent was restored to probation with alcohol conditions. On December 21, 2001, the Honorable Abbey Boklan signed a violation of probation bench warrant. On January 2, 2002, Judge Boklan recalled the bench warrant and released the respondent on her own recognizance.

The Grievance Committee notes that the respondent failed to file the record of her felony conviction with the Appellate Division as required by Judiciary Law § 90 (4) (c) and failed to file the record of her previous conviction on February 21, 1995 of driving while intoxicated as a misdemeanor, in violation of Vehicle and Traffic Law § 1192 (3), in the First District Court, Nassau County.

Judiciary Law § 90 (4) mandates that an attorney's name be stricken from the roll of attorneys and counselors-at-law upon his or her conviction of a felony. The Grievance Committee's motion is granted. The respondent is disbarred, and her name is stricken from the roll of attorneys, effective immediately.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and COZIER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Susan G. Jamiolkowski, is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Susan G. Jamiolkowski shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Susan G. Jamiolkowski is commanded to desist and

refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.